James T. PLUNKETT *v.*
ARKANSAS POWER AND LIGHT COMPANY

83-294                                                      668 S.W.2d 8

Supreme Court of Arkansas
Opinion delivered April 23, 1984

*Robert G. Gilder* and *Michael Everett*, for appellant.

*House, Wallace & Jewell, P. A.*, by *Philip E. Dixon* and *William Dean Overstreet*, for appellee Arkansas Power and Light Co.

*Barrett, Wheatley, Smith & Deacon*, for appellee St. Francis Valley Lumber Co. and E. Ritter & Co.

GEORGE ROSE SMITH, Justice. In this action by the appellant for personal injuries, which comes to us as a tort case, the trial judge reluctantly let the case go to the jury, but after the trial he set aside a verdict for the appellant and granted the appellee's motion for judgment notwithstanding the verdict. The only argument for reversal is that there was substantial evidence to support a finding of negligence on the appellee's part.

In July, 1979, the plaintiff, James T. Plunkett, age 47, was a handyman available for carpentry and repair jobs. He was engaged by E. Ritter & Company to repair a cooling tower on top of a building in Marked Tree. Ritter had leased the building to the appellee, who used it as its local office. Two days before Plunkett was injured he had mentioned to the appellee's construction foreman that he was going to repair the tower as soon as he finished the job he was working on.

Plunkett did not have a ladder long enough to reach the top of the building, which was 23 feet 3 inches high. On July 11 Ritter's subsidiary sent one of its employees, Howard Lawrence, to the building with a metal extension ladder. Lawrence stayed to help Plunkett with the ladder. The ladder did not have with it the rope and pulley that can be used to slide one section of the ladder along the other section. The men put the two sections together on the ground, without measuring them, and tried to raise the ladder and "walk" it to the building. The ladder, as put together, was unnecessarily long. Plunkett was seriously injured when the ladder struck one of the power company's transmission lines, which was 30 feet 9 inches above the ground and 13 feet 3 inches from the edge of the building on a diagonal line.

The location of the lines complied with the National Electrical Safety Code's minimum standards, which, according to the plaintiff's expert witness, would have protected the workmen if they had had the proper equipment. (Ritter and its subsidiary were also defendants, but Plunkett has not appealed from a directed verdict in their favor.)

The trial judge's disposition of the case was right. The appellant stresses the familiar rule that an electric company, owing to the nature of its business, must use a high degree of care in the "erection, maintenance, operation and inspection" of its equipment used in the transmission of electricity. *Ark. Power & Light Co.* v. *McGowan,* 227 Ark. 55 296 S.W.2d 420 (1956). Counsel also cite that case and *Ark. Power & Light Co.* v. *Johnson,* 260 Ark. 237, 538 S.W.2d 541 (1976), to support their argument that even though the lines in this case complied with the Code, there was still a jury question as to the appellee's negligence in the location of the lines. In both these cases, however, the evidence was in conflict as to whether the power company had in fact complied with the Code. Here that fact is not in dispute, and we find no basis in the proof for the jury to find that the power company was nevertheless negligent in its installation or maintenance of the lines.

There was proof that at the time of the accident the power company had available a mounted bucket that could have been used to lift Plunkett to the top of the building and also had "sleeves" that could have been placed on the wires to temporarily insulate them while Plunkett was repairing the tower. Plunkett, however, testified that he saw the wires and knew they were dangerous, but he thought he could get on the roof safely. Plunkett admitted that he used the ladder supplied by Ritter and did not ask the power company for any assistance in the matter.

It is nevertheless argued that the electric company's duty to exercise a high degree of care required it to take steps to protect Plunkett, Ritter's employee, by anticipating his presence and safeguarding him by means of the sleeves or the bucket. The company's high degree of care, however, applies to the installation and maintenance of its lines, as to

which there is no basis for complaint. It is certainly common knowledge, shared by Plunkett himself, that electric wires are dangerous and are to be avoided. We find no reason to hold that the appellee, as the lessee of the building, had a peculiar duty to take extraordinary steps to protect a workman engaged in the commonplace job of using a ladder to reach the top of a small building. Our study of the abstracts and briefs discloses no substantial evidence to support a finding of negligence of the appellee's part.

Affirmed.